Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Mary Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiffs*
*Allstar Marketing Group, LLC and*
*As Seen On TV Wholesale, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTAR MARKETING GROUP, LLC and AS SEEN ON TV WHOLESALE, INC., <br><br> *Plaintiffs* <br><br> v. <br><br> CHENFANG, *individually*, ALM TRADING CO., LTD. and LYLH ZHAOYAN TRADE INC. d/b/a WWW.WONDERBIBLEONLINE.COM <br><br> *Defendants* | **CIVIL ACTION No. ___** <br><br> **COMPLAINT** <br> **Jury Trial Requested** <br> **FILED UNDER SEAL** |

1

Plaintiff Allstar Marketing Group, LLC ("Allstar"), a New York corporation and As Seen On TV Wholesale, Inc. ("ASOTV"), a California corporation (collectively, Allstar and ASOTV are hereinafter referred to as "Plaintiffs"), by and through their undersigned counsel, allege as follows:

## NATURE OF THE ACTION

This action involves claims for trademark infringement of Plaintiffs' federally registered trademark in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 *et seq.*; counterfeiting of Plaintiffs' federally registered trademark in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c); false designation of origin, passing off and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); copyright infringement of Plaintiffs' federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*; cybersquatting in violation of the Anticybersquatting Consumer Protection Act of 1996, Public L. 104-153 (July 2, 1996) and related state and common law claims (the "Action") arising from Defendants Chenfang, ALM TRADING CO. LTD. and LYLH ZHAOYAN TRADE INC. d/b/a  www.wonderbibleonline.com's infringement of the Wonder Bible Mark (as defined *infra*) and Wonder Bible Works (as defined *infra*), including, without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling unlicensed, counterfeit and infringing versions of Plaintiffs' Wonder Bible Products (as defined *infra*).

## JURISDICTION AND VENUE

1.    This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 15 U.S.C. § 1121 as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; pursuant to the

Copyright Act, 17 U.S.C. §§ 101 *et seq*.; pursuant to 28 U.S.C. §1338(b) as an action arising out of claims for false designation of origin and unfair competition and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as the claims asserted thereunder are so closely related to the federal claims brought in this Action as to form part of the same case or controversy.

2.      Personal jurisdiction exists over Defendants in this judicial district pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3), or, alternatively, Fed. R. Civ. P. 4(k), because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in New York and this judicial district, and/or derive substantial revenue from their business transactions in New York and this judicial district and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' illegal counterfeiting and infringing actions caused injury to Plaintiffs in New York and this judicial district such that Defendants should reasonably expect such actions to have consequences in New York and in this judicial district, for example:

a.      Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including New York, through fully-interactive websites held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them, that they operate to communicate with consumers regarding their listings for Counterfeit Products (as defined *infra*) and place orders for, receive invoices for and purchase Counterfeit Products for delivery in the U.S., including New York, as a means

for establishing regular business with the U.S., including New York ("Infringing Websites").

b.   Upon information and belief, Defendants are sophisticated sellers operating one or more commercial businesses using their Infringing Websites through which they sell Counterfeit Products at significantly below-market prices to consumers worldwide, including to those in the U.S., and specifically New York.

c.   Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to New York.

d.   Defendants have transacted business with consumers located in the U.S., including New York, for the sale and shipment of Counterfeit Products.

e.   Upon information and belief, Defendants are aware of Plaintiffs, their Wonder Bible Products, Wonder Bible Mark and Wonder Bible Works, and are aware that their illegal counterfeiting and infringing actions alleged herein are likely to cause injury to Plaintiffs in the U.S. and specifically, in New York and this judicial district, as Plaintiffs conduct business in New York and Plaintiff Allstar is headquartered in New York.

3.      Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants conduct, transact, and/or solicit their business in this judicial district.

## THE PARTIES

4.      Plaintiff Allstar is a New York corporation with a principal place of business at 2 Skyline Drive, Hawthorne, New York 10532.

5.      Plaintiff ASOTV is a California corporation with a principal place of business at 1171 S. Robertson Blvd. #167, Los Angeles, California 90035.

6.     Upon information and belief, Defendant Chenfang resides at Lichengqu Fuxia Road No. 452 PuTianShi FUJIAN 351100 CHINA and who, at all relevant times herein, has been engaged in the importation, distribution, advertisement, offer for sale and/or sale of Counterfeit Products in this judicial district and elsewhere throughout the U.S.

7.     Upon information and belief, Defendant ALM TRADING CO. LTD. is a business located at Lichengqu Fuxia Road No. 452 PuTianShi FUJIAN 351100 CHINA and who, at all relevant times herein, has been engaged in the importation, distribution, advertisement, offer for sale and/or sale of Counterfeit Products in this judicial district and elsewhere throughout the U.S.

8.     Defendant LYLH ZHAOYAN TRADE INC. d/b/a www.wonderbibleonline.com is a business located at Lichengqu Fuxia Road No. 452  PuTianShi FUJIAN 351100 CHINA and who, at all relevant times herein, has been engaged in the importation, distribution, advertisement, offer for sale and/or sale of Counterfeit Products in this judicial district and elsewhere throughout the U.S.

### **GENERAL ALLEGATIONS**

#### **Plaintiffs and Their Well-Known Wonder Bible Products**

9.     Plaintiff Allstar is a leading developer, producer, marketer and distributor of quality, innovative consumer products ("Allstar Products").  Allstar promotes and sells the Allstar Products throughout the U.S. and the world through major retailers and well-known mass retail outlets, including, but not limited to, Wal-Mart, Target, Rite-Aid, CVS, Walgreens, Kmart and Bed Bath & Beyond, as well as through its retail customers' websites and a network of international distributors, among other channels of trade.

10.     One of Allstar's most popular and successful products is Wonder Bible, a portable media player featuring Bible verses, songs and stories, which is available in a variety of colors and languages ("Wonder Bible Products").

11.     Images of the Wonder Bible Products are attached hereto as **Exhibit A** and incorporated herein by reference.

12.     In addition to the channels described above, Allstar also markets and sells the Wonder Bible Products through its website entirely dedicated to the Wonder Bible Products, https://www.wonderbible.com (the "Website").

13.     Allstar owns both registered and unregistered copyrights in and related to the Wonder Bible Products and associated packaging, and has protected its valuable rights by filing for and obtaining U.S. copyright registrations in and relating to the Wonder Bible Products.

14.     For example, Allstar is the owner of U.S. Copyright Reg. PA0002061256 covering the Wonder Bible Commercial (2017), U.S. Copyright Reg. VA0002099572 covering the Wonder Bible Audioplayer Guide, U.S. Copyright Reg. VA0002078918, covering the Wonder Bible Retail Packaging and U.S. Copyright Reg. VA0002073572, covering the Website (collectively, the "Wonder Bible Works").  True and correct copies of the U.S. Copyright registration certificates for the Wonder Bible Works are attached hereto as **Exhibit B** and incorporated herein by reference.

15.     While Plaintiffs gained significant common law trademark and other rights in their Wonder Bible Products through use, advertising and promotion, Plaintiffs also protected their valuable rights by filing for and obtaining a federal trademark registration.

16.     For example, As Seen On Tv is the owner of U.S. Trademark Registration No. 5,477,057, for "WONDER BIBLE" for goods in Class 09 ("Wonder Bible Mark"), and Allstar is the exclusive licensee of the Wonder Bible Mark.   A true and correct copy of the trademark

registration certificate for the Wonder Bible Mark is attached hereto as **Exhibit C** and incorporated herein by reference.

17.     The Wonder Bible Mark is currently in use in commerce in connection with the Wonder Bible Products and was first used in commerce on or before the dates of first use as reflected in the registration certificate attached hereto as Exhibit C.

18.     The Wonder Bible Products generally retail for $39.99.

19.     Plaintiffs have spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in their Wonder Bible Products, Wonder Bible Mark and Wonder Bible Works.

20.     The success of the Wonder Bible Products is due in part to Plaintiffs' marketing and promotional efforts.  These efforts include advertising and promotion through television, the Website, retailer websites, print and internet-based advertising and placement of the Wonder Bible Products at dozens of authorized major retail outlets, both domestically and abroad, including New York.

21.     Plaintiffs' success is also due to their use of high-quality materials and processes in making the Wonder Bible Products.

22.     Additionally, Plaintiffs owe a substantial amount of the success of the Wonder Bible Products to their consumers and word-of-mouth buzz that their consumers have generated.

23.     Plaintiffs' efforts, the quality of Plaintiffs' products and the word-of-mouth buzz generated by their consumers have made the Wonder Bible Mark, Wonder Bible Works and Wonder Bible Products prominently placed in the minds of the public.  Members of the public and retailers have become familiar with Plaintiffs' Wonder Bible Mark, Wonder Bible Works and

Wonder Bible Products, and have come to associate them exclusively with Plaintiffs.  Plaintiffs have acquired valuable reputations and goodwill among the public as a result of such associations.

24.     Plaintiffs have gone to great lengths to protect their interests to the Wonder Bible Products, Wonder Bible Mark and Wonder Bible Works.  No one other than Plaintiffs and their authorized licensees and distributors are authorized to manufacture, import, export, advertise, offer for sale or sell any goods utilizing the Wonder Bible Mark or Wonder Bible Works without the express permission of Plaintiffs.

## **Defendants' Infringing Websites**

25.     Through their Infringing Websites, Defendants offer for sale and/or sell Counterfeit Products and target and ship such products to customers located in the U.S., including in New York, and throughout the world.

26.     Defendants' Infringing Websites mimic or resemble the Wonder Bible Website and/or legitimate websites authorized to sell authentic Wonder Bible Products.

27.     Defendants' Infringing Websites are in English and accept payment in U.S. dollars through PayPal and/or major credit cards.

28.     Defendants' Infringing Websites conceal the fact that Defendants are not located in the U.S. and that the Infringing Websites are not operated from the U.S.

29.     Defendants, in creating their Infringing Websites, have copied Plaintiffs' proprietary web designs, photographs of authentic Wonder Bible Products and detailed product descriptions directly from the Wonder Bible Website to further appear as legitimate websites.

30.     To further generate sales for their Counterfeit Products, Defendants also register and use domain names containing the Wonder Bible Mark, including, without limitation, the following domain names:

www.wonderbibleonlinestore.com

www.wonderbibleonline.com

www.wonderbibleshop.com

(collectively, the "Infringing Domain Names")

31.    Defendants have registered and are using the Infringing Domain Names in bad faith to profit from the Wonder Bible Mark, and thereby deceive consumers into wrongly believing that the Infringing Websites are selling authentic Wonder Bible Products.

**Defendants' Wrongful and Infringing Conduct**

32.    Although Plaintiffs regularly investigate and enforce against such activities, due to the successes and reputations of Plaintiffs and their Wonder Bible Products, they have become targets for unscrupulous individuals and entities that wish to capitalize on the goodwill and reputation that Plaintiffs have amassed in their Wonder Bible Products, Wonder Bible Mark and the works embodied in the Wonder Bible Works.

33.    Through  investigative and enforcement efforts, Plaintiffs learned of Defendants' actions which vary and include, but are not limited to, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling products bearing or used in connection with the Wonder Bible Mark and/or Wonder Bible Works, and/or products in packaging and/or containing labels bearing the Wonder Bible Mark and/or Wonder Bible Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Wonder Bible Mark and/or Wonder Bible Works and/or products that are identical or confusingly or substantially similar to the Wonder Bible Products (collectively referred to as, "Infringing Product(s)" or "Counterfeit Product(s)") to U.S. consumers, including those located in this judicial district, through Defendants' Infringing

Websites.  A sampling of true and correct copies of screenshots of Defendants' Infringing Websites offering for sale Counterfeit Products are included in **Exhibit D** attached hereto and incorporated herein by reference**.**

34.     Defendants are not, and have never been, authorized by Plaintiffs or any of their authorized agents, authorized licensees or authorized distributors to copy, manufacture, import, export, advertise, distribute, offer for sale or sell the Wonder Bible Products or to use the Wonder Bible Mark and Wonder Bible Works, or any artwork that is confusingly or substantially similar to the Wonder Bible Mark or Wonder Bible Works.

35.     Defendants' Counterfeit Products have been designed to replicate Plaintiffs' Wonder Bible Products.

36.     Defendants' Counterfeit Products are nearly indistinguishable from Plaintiffs' Wonder Bible Products, with only minor variations that no ordinary consumer would recognize.

37.     During their investigation, Plaintiffs identified Defendants as offering for sale and/or selling Counterfeit Products through their Infringing Websites.  A sampling of true and correct copies of screenshots of Defendants' Infringing Websites are attached hereto as **Exhibit D** and incorporated herein by reference**.**

38.     The Infringing Websites are sophisticated-looking, written in English and accept payment in U.S. currency though, although not limited to, accounts with the payment processing agency PayPal, Inc. ("PayPal").

39.     Plaintiffs confirmed that Defendants were and/or are still currently offering for sale and/or selling Counterfeit Products through their Infringing Websites and that Defendants provide shipping and/or have actually shipped Counterfeit Products to the U.S., including to customers located in New York.

40.     To illustrate, below on the left is an image of Plaintiffs' Wonder Bible Products, which retail for $39.99.  Depicted below on the right is one of Defendants' Counterfeit Products offered for sale on Defendants' Infringing Website, www.wonderbibleonline.com.  Defendants offer the Counterfeit Product for $29.99.00 per item.  Defendants' Counterfeit Product uses, features and/or incorporates the Wonder Bible Mark and/or confusingly or substantially similar marks or artwork. Further, Defendants' Counterfeit Product is virtually identical to Plaintiffs' Wonder Bible Products.  There is no question that the Counterfeit Product is designed to confuse and mislead consumers into believing that they are purchasing Plaintiffs' Wonder Bible Products or that the Counterfeit Product is otherwise approved by or sourced from Plaintiffs, thereby trading off the goodwill and reputation of Plaintiffs by engaging in the unauthorized use of the Wonder Bible Mark:

**<u>Wonder Bible Products</u>**                     **<u>Defendants' Counterfeit Product</u>**

     

41.     To further illustrate Defendants' illicit counterfeiting actions, beneath is a screenshot of Plaintiffs' Website. Depicted further beneath Plaintiffs' Website is one of Defendants' Infringing Websites, https://www.wonderbibleonline.com/. Defendants' Infringing Website is virtually identical to Plaintiffs' Website and features and/or incorporates one or more of the Wonder Bible Works and Wonder Bible Mark. There is no question that the Infringing Website is designed to confuse and mislead consumers into believing that they are on Plaintiffs' Website or an associated website that is otherwise approved by or authorized by Plaintiffs, thereby

trading off of the goodwill and reputation of Plaintiffs by engaging in the unauthorized use of the

Wonder Bible Works and Wonder Bible Mark:

### Plaintiffs' Website



### Defendants' Infringing Website



42.     By their dealings in Counterfeit Products (including, without limitation, copying,

manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying,

offering for sale and/or selling Counterfeit Products), Defendants violated Plaintiffs' exclusive rights in the Wonder Bible Mark and Wonder Bible Works, and have used marks, images and artwork that are confusingly and/or substantially similar to, identical to and/or constitute counterfeiting and/or infringement of the Wonder Bible Mark and Wonder Bible Works in order to confuse consumers into believing that such Counterfeit Products are Wonder Bible Products and aid in the promotion and sales of their Counterfeit Products. Defendants' conduct began long after Plaintiffs' adoption and use of the Wonder Bible Mark and Wonder Bible Works, after Plaintiffs obtained the federal registrations in the Wonder Bible Mark and Wonder Bible Works, as alleged above, and after Plaintiffs' Wonder Bible Products, Wonder Bible Mark and Wonder Bible Works became well-known to the purchasing public.

43.    Prior to and contemporaneous with their counterfeiting and infringing actions alleged herein, Defendants had knowledge of Plaintiffs' ownership of the Wonder Bible Mark and Wonder Bible Works, of the fame and incalculable goodwill associated therewith and of the popularity and success of the Wonder Bible Products, and in bad faith adopted the Wonder Bible Mark and Wonder Bible Works.

44.    Defendants have been engaging in the illegal counterfeiting and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiffs' rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Plaintiffs, the Wonder Bible Mark, Wonder Bible Works and Wonder Bible Products.

45.    Defendants' dealings in Counterfeit Products, as alleged herein, have caused and will continue to cause confusion, mistake, economic loss, and have deceived and will continue to deceive consumers, the public and the trade with respect to the source or origin of Defendants'

13

Counterfeit Products, thereby causing consumers to erroneously believe that such Counterfeit Products are licensed by or otherwise associated with Plaintiffs, thereby damaging Plaintiffs.

46.     By engaging in these actions, Defendants have, jointly and severally, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to Plaintiffs: infringed and counterfeited the Wonder Bible Mark, infringed the Wonder Bible Works, committed unfair competition and unfairly and unjustly profited from such activities at Plaintiffs' expense.

47.     Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiffs.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Trademark Counterfeiting Under Sections 32, 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1114(1)(b), 1116(d) and 1117(b)-(c)))**

48.     Plaintiffs replead and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

49.     Plaintiffs are the owners and/or licensors of all rights and title to the Wonder Bible Mark.

50.     Plaintiffs have continuously used the Wonder Bible Mark in interstate commerce since on or before the date of first use as reflected in the registration attached hereto as Exhibit C.

51.     Without Plaintiffs' authorization or consent, with knowledge of Plaintiffs' well-known and prior rights in their Wonder Bible Mark and with knowledge that Defendants' Counterfeit Products bear counterfeit marks, Defendants intentionally reproduced, copied and/or colorably imitated the Wonder Bible Mark and/or used spurious designations that are identical with, or substantially indistinguishable from, the Wonder Bible Mark on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products.

52.     Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold their Counterfeit Products to the purchasing public in direct competition with Plaintiffs, in or affecting interstate commerce, and/or have acted with reckless disregard of Plaintiffs' rights in and to the Wonder Bible Mark through their participation in such activities.

53.     Defendants have applied their reproductions, counterfeits, copies and colorable imitations of the Wonder Bible Mark to packaging, point-of-purchase materials, promotions and/or advertisements intended to be used in commerce upon, or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Defendants' Counterfeit Products, which is likely to cause confusion, mistake and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive consumers, the public and the trade into believing that the Counterfeit Products sold by Defendants originate from, are associated with or are otherwise authorized by Plaintiffs, thereby making substantial profits and gains to which they are not entitled to in law or equity.

54.     Defendants' unauthorized use of the Wonder Bible Mark on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by Plaintiffs or their authorized agents and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the Wonder Bible Mark.

55.     Defendants' actions constitute willful counterfeiting of the Wonder Bible Mark in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c).

56.     As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss and irreparable injury and damage to Plaintiffs,

their businesses, their reputations and their valuable rights in and to the Wonder Bible Mark and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, for which Plaintiffs have no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiffs and their valuable Wonder Bible Mark.

57.     Based on Defendants' actions as alleged herein, Plaintiffs are entitled to injunctive relief, damages for the irreparable harm that Plaintiffs have sustained and will sustain as a result of Defendants' unlawful and infringing actions as alleged herein, as well as all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages and/or statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale or distributed and reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Infringement of Registered Trademark)
### [115 U.S.C. § 1114/Lanham Act § 32(a)]

58.     Plaintiffs replead and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

59.     Plaintiffs have continuously used the Wonder Bible Mark in interstate commerce since on or before the dates of first use as reflected in the registration certificate attached hereto as Exhibit C.

60.     Plaintiffs, as owners and/or licensors of all rights, title and interest in and to the Wonder Bible Mark, have standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

61.     Defendants were, at the time they engaged in their actions as alleged herein, actually aware that Plaintiffs are the owner of the federal trademark registration for the Wonder Bible Mark.

62.     Defendants did not seek and thus inherently failed to obtain consent or authorization from Plaintiffs, as the registered trademark owner and/or licensee of the Wonder Bible Mark, to deal in and commercially manufacture, import, export, advertise, market, promote, distribute, display, retail, offer for sale and/or sell the Wonder Bible Products and/or related products bearing the Wonder Bible Mark into the stream of commerce.

63.     Defendants knowingly and intentionally manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold Counterfeit Products, bearing and/or utilizing marks that are reproductions, counterfeits, copies and/or colorable imitations of the Wonder Bible Mark and/or which are identical or confusingly similar to the Wonder Bible Mark.

64.     Defendants knowingly and intentionally reproduced, copied and colorably imitated the Wonder Bible Mark and applied such reproductions, copies or colorable imitations to packaging, wrappers, receptacles, online listings and/or advertisements used in commerce upon, or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Defendants' Counterfeit Products.

65.     Defendants were, at the time they engaged in their illegal and infringing actions as alleged herein, actually aware that Plaintiffs are the owners of all rights in and to the Wonder Bible Mark.

66.     Defendants' egregious and intentional use of the Wonder Bible Mark in commerce on or in connection with Defendants' Counterfeit Products has caused, and is likely to continue to

cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of the Counterfeit Products, and is likely to deceive the public into believing that Defendants' Counterfeit Products are Plaintiffs' Wonder Bible Products or are otherwise associated with or authorized by Plaintiffs.

67.    Defendants' actions have been deliberate and committed with knowledge of Plaintiffs' rights and goodwill in the Wonder Bible Mark, as well as with bad faith and the intent to cause confusion, mistake and deception.

68.    Defendants' continued, knowing and intentional use of the Wonder Bible Mark without Plaintiffs' consent or authorization constitutes intentional infringement of Plaintiffs' federally registered Wonder Bible Mark in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

69.    As a direct and proximate result of Defendants' illegal and infringing actions as alleged herein, Plaintiffs have suffered substantial monetary loss and irreparable injury, loss and damage to their business and their valuable rights in and to the Wonder Bible Mark and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which Plaintiffs have no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiffs and the valuable Wonder Bible Mark.

70.    Based on Defendants' actions as alleged herein, Plaintiffs are entitled to injunctive relief, damages for the irreparable harm that Plaintiffs have sustained and will sustain as a result of Defendants' unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117 and 1118, and reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### (False Designation of Origin, Passing Off & Unfair Competition)
### [15 U.S.C. § 1125(a)/Lanham Act § 43(a)]

71.    Plaintiffs replead and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

72.    Plaintiffs, as the owners of all right, title and interest in and to the Wonder Bible Mark, have standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

73.    The Wonder Bible Mark is inherently distinctive and/or has acquired distinctiveness.

74.    Defendants knowingly and willfully used in commerce products and/or packaging designs that are identical or confusingly or substantially similar to, and constitute reproductions of the Wonder Bible Mark and Wonder Bible Works and affixed, applied and used false designations of origin and false and misleading descriptions and representations on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Counterfeit Products with the intent to cause confusion, to cause mistake and to deceive the purchasing public into believing, in error, that Defendants' substandard Counterfeit Products are the Wonder Bible Products or related products, and/or that Defendants' Counterfeit Products are authorized, sponsored, approved, endorsed or licensed by Plaintiffs and/or that Defendants are affiliated, connected or associated with Plaintiffs, thereby creating a likelihood of confusion by consumers as to the source of such Counterfeit Products, and allowing Defendants to capitalize on the goodwill associated with and the consumer recognition of the Wonder Bible Mark and Wonder Bible Works to Defendants' substantial profit in blatant disregard of Plaintiffs' rights.

75.    By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products that are identical to, confusingly similar to or which constitute colorable imitations of Plaintiffs' Wonder Bible Products using marks and/or artwork that is identical and/or confusingly or substantially similar to, or which constitute colorable imitations of the Wonder Bible Mark and Wonder Bible Works, Defendants have traded off the extensive goodwill of Plaintiffs and their Wonder Bible Products and did in fact induce, and intend to and will continue to induce customers to purchase Defendants' Counterfeit Products, thereby directly and unfairly competing with Plaintiffs.  Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiffs and their Wonder Bible Mark, which Plaintiffs have amassed through their nationwide marketing, advertising, sales and consumer recognition.

76.    Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of and continuing use in commerce of marks and artwork that are identical or confusingly or substantially similar to and constitute reproductions of the Wonder Bible Mark and Wonder Bible Works would cause confusion, mistake or deception among purchasers, users and the public.

77.    Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive the purchasing public and with the intent to trade on the goodwill and reputation Plaintiffs, their Wonder Bible Products, Wonder Bible Mark and Wonder Bible Works.

78.    As a direct and proximate result of Defendants' aforementioned actions, Defendants caused irreparable injury to Plaintiffs by depriving Plaintiffs of sales of their Wonder

Bible Products and by depriving Plaintiffs of the value of their Wonder Bible Mark and Wonder Bible Works as commercial assets in an amount as yet unknown, but to be determined at trial, for which they have no adequate remedy at law, and unless immediately restrained, Defendants will continue to cause substantial and irreparable injury to Plaintiffs and the goodwill and reputation associated with the value of Wonder Bible Mark and Wonder Bible Works.

79.     Based on Defendants' wrongful conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including damages that Plaintiffs have sustained and will sustain as a result of Defendants' illegal and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**(Cybersquatting Under the Anticybersquatting Consumer Protection Act)**
**[15 U.S.C. § 1125(d)(1)]**

80.     Plaintiffs replead and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

81.     The Infringing Domain Names are identical or confusingly similar to the Wonder Bible Mark, which was distinctive and/or famous at the time Defendants registered each of the Infringing Domain Names.

82.     Defendants registered and used the Infringing Domain Names with the bad faith intent to profit from the Wonder Bible Mark, namely by using the Infringing Domain Names to host the Infringing Websites where Defendants offer for sale and/or sell Counterfeit Products.

83.     Defendants have no trademark or other intellectual property rights in the Infringing Domain Names.

84.     Defendants' activities as alleged herein violate the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

85.     Plaintiffs have no adequate remedy at law, and if Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill and reputation.

86.     Defendants are causing and are likely to continue to cause substantial injury to the public and to Plaintiffs, and Plaintiffs are therefore entitled to injunctive relief, including an order requiring the transfer of the Infringing Domain Names to Plaintiffs and to recover the costs of this action under 15 U.S.C. § 116, 117 and 1125(d).  In light of the egregious and exceptional nature of Defendants' conduct, Plaintiffs are further entitled to reasonable attorneys' fees.

**FIFTH CAUSE OF ACTION**
**(Federal Copyright Infringement)**
**[17 U.S.C. § 501(a)]**

87.     Plaintiffs replead and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

88.     Plaintiffs are the exclusive owners of the Wonder Bible Works.

89.     Defendants had actual notice of Plaintiffs' exclusive rights in and to the Wonder Bible Works.

90.     Defendants did not attempt and therefore inherently failed to obtain Plaintiffs' consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform and/or market Plaintiffs' Wonder Bible Products and/or Wonder Bible Works.

91.     Without permission, Defendants knowingly and intentionally reproduced, copied and displayed the Wonder Bible Works by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Infringing Products

which bear such Wonder Bible Works, or artwork that is, at a minimum, substantially similar to the Wonder Bible Works.

92.     Defendants' unlawful and willful actions as alleged herein constitute infringement of the Wonder Bible Works, including Plaintiffs' exclusive rights to reproduce, distribute and/or sell such Wonder Bible Works in violation of 17 U.S.C. § 501(a).

93.     Defendants' knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to Plaintiffs in an amount as yet unknown but to be proven at trial, for which Plaintiffs have no adequate remedy at law, and unless enjoined, Defendants will continue to cause substantial and irreparable harm to Plaintiffs.

94.     Based on Defendants' wrongful conduct, Plaintiffs are entitled to injunctive relief, Plaintiffs' actual damages and Defendants' profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**
**(Violation of Deceptive Acts and Practices Unlawful)**
**[N.Y. Gen. Bus. Law § 349]**

95.     Plaintiffs replead and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

96.     Through Defendants' unlawful, unauthorized and unlicensed use of the Wonder Bible Works and/or Wonder Bible Mark on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products which are identical and/or confusingly or substantially similar to Plaintiffs' Wonder Bible Products, Defendants have engaged in consumer-oriented conduct that has adversely affected the public interest and has resulted in injury to consumers in New York.

97.     Defendants' aforementioned conduct was and is a willful and deliberate attempt to mislead consumers and constitutes the use of deceptive acts or practices in the conduct of business, trade or commerce.  Such conduct has deceived and materially mislead or has a tendency to deceive and materially mislead the consuming public, and has injured and will continue to injure Plaintiffs' business, reputation and goodwill in violation of N.Y. Gen. Bus. Law § 349.

98.     As a result of Defendants' actions alleged herein, Plaintiffs have suffered and will continue to suffer irreparable harm for which they have no adequate remedy at law.

99.     Pursuant to N.Y. Gen. Bus. Law § 349(h), Plaintiffs are entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (False Advertising Unlawful)
### [N.Y. Gen. Bus. Law § 350]

100.    Plaintiffs replead and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

101.    Without the authorization of Plaintiffs, Defendants have used the Wonder Bible Mark and/or Wonder Bible Works and/or Mark and/or artwork and/or packaging designs that are identical and/or confusingly or substantially similar to the Wonder Bible Mark and/or Wonder Bible Works in connection with the advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products which are identical and/or confusingly or substantially similar to Plaintiffs' Wonder Bible Products, causing confusion, mistake and deceiving consumers and the public as to the source, origin, sponsorship or quality of Defendants' Counterfeit Products.

102.     Defendants' aforementioned willful and intentional conduct constitutes false advertising in the conduct of any business, trade or commerce and has injured and will continue to injure Plaintiffs' business, reputation and goodwill in violation of N.Y. Gen. Bus. Law § 350.

103.     As a result of Defendants' actions alleged herein, Plaintiffs have suffered and will continue to suffer irreparable harm for which they have no adequate remedy at law.

104.     Pursuant to N.Y. Gen. Bus. Law § 350(e), Plaintiffs are entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements and attorneys' fees.

### EIGHTH CAUSE OF ACTION
### (Unfair Competition)
### [New York Common Law]

105.     Plaintiffs replead and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

106.     By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products, Defendants have traded off the extensive goodwill of Plaintiffs and their Wonder Bible Products to induce, and did induce and intend and will continue to induce, customers to purchase their Counterfeit Products, thereby directly competing with Plaintiffs.  Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiffs, which Plaintiffs have amassed through their nationwide marketing, advertising, sales and consumer recognition.

107.     Defendants' advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products was and is in violation and derogation of Plaintiffs' rights and is likely to cause confusion and mistake, and to deceive

consumers and the public as to the source, origin, sponsorship or quality of Defendants' Counterfeit Products.

108.    Defendants knew, or by the exercise of reasonable care should have known, that their advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products and their continuing advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products would cause confusion and mistake, or deceive purchasers, users and the public.

109.    Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion and mistake, and to deceive, in blatant disregard of Plaintiffs' rights, and for the wrongful purpose of injuring Plaintiffs, and their competitive position while benefiting Defendants.

110.    As a direct and proximate result of Defendants' aforementioned wrongful actions, Plaintiffs have been and will continue to be deprived of substantial sales of their Wonder Bible Products in an amount as yet unknown but to be determined at trial, for which Plaintiffs have no adequate remedy at law, and Plaintiffs have been and will continue to be deprived of the value of their Wonder Bible Mark and Wonder Bible Works as commercial assets in an amount as yet unknown but to be determined at trial, for which Plaintiffs have no adequate remedy at law.

111.    As a result of Defendants' actions alleged herein, Plaintiffs are entitled to injunctive relief, an order granting Plaintiffs' damages and Defendants' profits stemming from their infringing activities and exemplary or punitive damages for Defendants' intentional misconduct.

## NINTH CAUSE OF ACTION
### (Unjust Enrichment)
### [New York Common Law]

112.     Plaintiffs replead and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

113.     By virtue of the egregious and illegal acts of Defendants as described herein, Defendants have been unjustly enriched in an amount to be proven at trial.

114.     Defendants' retention of monies gained through their deceptive business practices, infringement, acts of deceit and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

A.     For an award of Defendants' profits and Plaintiffs' damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages under 15 U.S.C. § 1117(a)(3) and treble damages in the amount of a sum equal to three (3) times such profits or damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark in violation of 15 U.S.C. § 1114(1)(a);

B.     In the alternative to Defendants' profits and Plaintiffs' actual damages, enhanced discretionary damages and treble damages for willful use of a counterfeit mark in connection with the sale, offering for sale or distribution of goods or services for statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale or distributed, as the Court considers just, which Plaintiffs may elect prior to the rendering of final judgment;

C.      For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for willful trademark infringement of Plaintiffs' federally registered Wonder Bible Mark, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

D.      For an award of Defendants' profits and Plaintiffs' damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

E.      For an award of Plaintiffs' actual damages and Defendants' profits, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial for willful copyright infringement of the Wonder Bible Works under 17 U.S.C. § 501(a);

F.      In the alternative to Plaintiffs' actual damages and Defendants' profits for copyright infringement of the Wonder Bible Works pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright infringement, which Plaintiffs may elect prior to the rendering of final judgment;

G.      For an award of damages in an amount to be proven at trial for deceptive acts and practices unlawful pursuant to N.Y. Gen. Bus. Law § 349(h);

H.      For an award of damages to be proven at trial for false advertising pursuant to N.Y. Gen. Bus. Law § 350(e);

I.      For an award of damages to be proven at trial for common law unfair competition;

J.      For an award of damages in an amount to be proven at trial for unjust enrichment;

K.      For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, and/or their agents and/or any employees, agents, servants, officers,

representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

    i.  manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing and/or Counterfeit Products;

    ii.  directly or indirectly infringing in any manner any of Plaintiffs' trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Wonder Bible Mark or Wonder Bible Works;

    iii.  using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Wonder Bible Mark and Wonder Bible Works to identify any goods or services not authorized by Plaintiffs;

    iv.  using any of Plaintiffs' trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Wonder Bible Works or Wonder Bible Mark, or any other marks or artwork that are confusingly or substantially similar to the Wonder Bible Mark or Wonder Bible Works, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

    v.  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities by Plaintiffs;

    vi.  engaging in the unlawful, unfair or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any Counterfeit Products;

    vii.  engaging in any other actions that constitute unfair competition with Plaintiffs;

    viii.  engaging in any other act in derogation of Plaintiffs' rights;

    ix.  secreting, destroying, altering, removing or otherwise dealing with the Counterfeit Products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

    x.  from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or

evidence relating to Defendants' Infringing Websites and/or Infringing Domain Names, any money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) ("Defendants' Assets") from or to financial accounts associated with or utilized by any Defendants or any Defendants' Infringing Websites and/or Infringing Domains (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts"), and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

xi. from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of Defendants' Assets from or Defendants' Financial Accounts until further ordered by this Court;

xii. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action;

xiii. operating Infringing Websites and/or Infringing Domain Names;

xiv. utilizing the Infringing Domain Names and registering, trafficking in or using any additional domain names that incorporate any of Plaintiffs' Wonder Bible Marks, or any colorable imitation thereof;

xv. instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (xiii) above; and

L.      For an order of the Court requiring that Defendants recall from any distributors and retailers and deliver up to Plaintiffs for destruction any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of Plaintiffs' trademarks, copyrights or other rights including, without limitation, the Wonder Bible Mark or Wonder Bible Works, or bear any marks that are confusingly or substantially similar to the Wonder Bible Mark or Wonder Bible Works;

M.      For an order of the Court requiring that Defendants deliver up for destruction to Plaintiffs any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of Plaintiffs' trademarks, copyrights or other rights including, without limitation, the Wonder Bible Mark or Wonder Bible Works, or bear any mark that are confusingly or substantially similar to the Wonder Bible Mark or Wonder Bible Works pursuant to 15 U.S.C. § 1118;

N.      For an order from the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants from their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Infringing and/or Counterfeit Products as described herein, including prejudgment interest;

O.      For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendants' possession which rightfully belong to Plaintiffs;

P.      For an order from the Court that the Infringing Domain Names and/or the individual

registrars holding or listing one or more of the Infringing Domain Names cooperate with a registrar to be appointed by Plaintiffs to re-register the Infringing Domain Names in Plaintiffs' name under Plaintiffs' ownership;

Q.      For an award of exemplary or punitive damages in an amount to be determined by the Court;

R.      For Plaintiffs' reasonable attorneys' fees;

S.      For all costs of suit; and

T.      For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury on all claims.

Dated: December 21, 2018

Respectfully submitted,

EPSTEIN DRANGEL LLP

BY:

Mary Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiffs*
*Allstar Marketing Group, LLC and*
*As Seen On TV Wholesale, Inc.*